15-2820-cv
*Patterson v. Raymours Furniture Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# CORRECTED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of September, two thousand sixteen.

PRESENT:
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> > *Circuit Judges,*
> ALVIN K. HELLERSTEIN,*
> > *District Judge.*

_____

CONNIE PATTERSON, on behalf of herself and all others similarly situated, and DAVID AMBROSE,

> *Plaintiffs-Appellants*,

v.                                                                                  No. 15-2820-cv

RAYMOURS FURNITURE COMPANY, INC.,

> *Defendant-Appellee*.

_____

FOR APPELLANT:          MICHAEL RUBIN, Altshuler Berzon LLP, San Francisco, CA (Eric P. Brown,

---

* Judge Alvin K. Hellerstein, of the United States District Court for the Southern District of New York, sitting by designation.

|  |  |
|---|---|
|  | Altshuler Berzon, San Francisco; Justin M. Swartz, Outten & Golden LLP, New York, NY *on the brief*). |
| FOR APPELLEES: | DAVID M. WIRTZ, Littler Mendelson P.C., New York, NY (Ron Chapman, Jr., Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Dallas, TX; Christopher C. Murray, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Indianapolis, IN *on the brief*). |
| FOR AMICI CURIAE: | JOEL A. HELLER, on behalf of National Labor Relations Board, Washington, DC. |
|  | EVAN M. TAGER, Mayer Brown LLP, Washington, DC, on behalf of The Chamber of Commerce of the United States of America (Andrew J. Pincus, Archis A. Parasharami, Matthew A. Waring, Mayer Brown LLP, Washington, DC; Kate Comerford Todd, Warren Postman, U.S. Chamber Litigation Center, Washington, DC *on the brief*). |
|  | Evan J. Spelfogel, Steven M. Swirsky, Epstein Becker & Green, P.C., New York, NY, on behalf of The National Retail Federation. |
|  | James Reif, Gladstein, Reif & Meginniss, LLP, New York, NY, on behalf of certain labor law scholars. |

Appeal from the United States District Court for the Southern District of New York (Valerie Caproni, *Judge*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

2

Defendant-appellee Raymours Furniture Company, Inc. ("Raymours") requires all its employees, as a condition of their employment, to participate in the company's Employment Arbitration Program ("EAP"), which requires that employees submit all employment and compensation-related claims to arbitration. The EAP also mandates that such claims be decided on an individual basis.[1] The EAP does not, however, prevent employees from filing charges or participating in investigations conducted by the Equal Employment Opportunity Commission and/or state or local human rights agencies, nor does it require employees to waive any rights they might have under the National Labor Relations Act ("NLRA") or prevent employees from filing unfair labor practice charges under the NLRA. Plaintiff-appellant Connie Patterson, a Raymours employee, brought this putative class and collective action, asserting claims against Raymours under the Fair Labor Standards Act ("FLSA") and the New York Labor Law.[2] Raymours moved to

---

[1] A relevant portion of the EAP's collective action waiver reads as follows:

> CAN CLAIMS BE DECIDED BY CLASS OR COLLECTIVE ACTION? No. This section describes the "Class Action Waiver" of the Program. Claims under this Program cannot be litigated by way of class or collective action. Nor may Claims be arbitrated by way of a class or collective action. All Claims between you and us must be decided individually. . . . Thus, the arbitrator shall have no authority or jurisdiction to process, conduct or rule upon any class, collective, private attorney general or multiple-party proceeding under any circumstances.

(App'x 140.)

[2] Plaintiff-appellant David Ambrose, a fellow employee, later joined the lawsuit as an FLSA opt-in plaintiff.

3

compel arbitration pursuant to the EAP. The district court granted Raymours's motion, holding that the EAP's class action waiver was enforceable. *See Patterson v. Raymours Furniture Co.*, 96 F. Supp. 3d 71 (S.D.N.Y. 2015). The district court rejected Patterson's claim that the EAP's ban on class or collective litigation or arbitration of workplace grievances violated the employees' right under the NLRA to "engage in . . . concerted activities for the purpose of . . . mutual aid or protection." 29 U.S.C. § 157. It held that the Federal Arbitration Act ("FAA") mandated arbitration of Patterson's claims because the plaintiffs, by accepting the EAP, had agreed to arbitrate their claims according to its terms.

The only question presented on appeal is whether the EAP's prohibition of class or collective adjudication of work-related claims illegally restricts employees' substantive rights under the NLRA and the Norris-La Guardia Act ("NLGA"), and is unenforceable under the FAA.[3] We assume the parties' familiarity with the underlying facts, procedural history, specification of issues for review, and positions espoused by amici curiae.

The National Labor Relations Board (the "Board") has squarely addressed the issue on appeal and repeatedly concluded that Sections 7 and 8(a)(1) of the NLRA[4] and

---

[3] Appellants do not claim a right to pursue collective action in every forum or even in any particular forum. Instead, they seem to argue that Raymours must either (a) permit class or collective arbitration, or (b) waive the arbitral forum to the extent an employee seeks to invoke class or collective procedures in court.

[4] Section 7 of the NLRA states:

> Employees shall have the right to self-organization, to form, join, or assist labor

Sections 2 and 3 of the NLGA[5] foreclose enforcement of arbitration agreements that waive an employee's right to pursue legal claims in any judicial or arbitral forum on a collective action basis. *See*, *e.g.*, *D.R. Horton, Inc.*, 357 NLRB No. 184, 2012 WL 36274 (2012) ("*Horton I*"); *Murphy Oil USA, Inc.*, 361 NLRB No. 72, 2014 WL 5465454 (2014) ("*Murphy Oil I*"). The circuit courts, however, are irreconcilably split on the question. The Fifth and Eighth Circuits have reversed the Board's rulings on three separate occasions. *See D.R. Horton, Inc. v. N.L.R.B.*, 737 F.3d 344 (5th Cir. 2013) ("*Horton II*") (reversing *Horton I*); *Murphy Oil USA, Inc. v. N.L.R.B.*, 808 F.3d 1013, 1015 (5th Cir. 2015) (reversing *Murphy Oil I* and noting that the "Board will not be surprised that we adhere, as we must, to [*Horton II*]"); *Cellular Sales of Missouri, LLC v.*

---

> organizations, to bargain collectively through representatives of their own choosing, and *to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection* . . . .

29 U.S.C. § 157 (emphasis added). Section 8(a)(1) of the NLRA states, "[i]t shall be an unfair labor practice for an employer . . . to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in [Section 7]." *Id*. § 158(a)(1).

[5] Section 2 of the NLGA declares, as "the public policy of the United States," that an individual employee

> shall be free from the interference, restraint, or coercion of employers of labor, or their agents, in the designation of such representatives or in self-organization or in *other concerted activities for the purpose of collective bargaining or other mutual aid or protection*.

29 U.S.C. § 102 (emphasis added). Section 3 enforces Section 2: "any [] undertaking or promise in conflict with the public policy declared in [Section 2] . . . shall not be enforceable in any court of the United States and shall not afford any basis for the granting of legal or equitable relief by any such court . . . ." *Id*. § 103.

5

*N.L.R.B.*, 824 F.3d 772 (8th Cir. 2016); *see also Owen v. Bristol Care, Inc.*, 702 F.3d 1050 (8th Cir. 2013). The Seventh and Ninth Circuits, on the other hand, have agreed with the Board that clauses precluding employees from bringing, in any forum, a concerted legal claim violate the NLRA, and have further held that such agreements are unenforceable under the FAA. *See Morris v. Ernst & Young, LLP*, No. 13-16599, 2016 WL 4433080 (9th Cir. August 22, 2016)*; Lewis v. Epic Systems Corp.*, 823 F.3d 1147 (7th Cir. 2016).[6]

If we were writing on a clean slate, we might well be persuaded, for the reasons forcefully stated in Chief Judge Wood's and Chief Judge Thomas's opinions in *Lewis* and *Morris*, to join the Seventh and Ninth Circuits and hold that the EAP's waiver of collective action is unenforceable. But we are bound by our Court's decision in *Sutherland v. Ernst & Young LLP*, 726 F.3d 290 (2d Cir. 2013), which aligns our Circuit on the other side of the split. In considering an alternative argument made by the plaintiff in that case, *Sutherland* "decline[d] to follow the [NLRB's] decision" in *Horton I* "that a

---

[6] These courts see no conflict between the NLRA and the FAA with respect to such agreements. The saving clause of the FAA confirms that agreements to arbitrate "shall be valid, irrevocable, and enforceable, *save upon such grounds as exist at law or in equity for the revocation of any contract*." 9 U.S.C. § 2 (emphasis added). The Seventh and Ninth Circuits have held that an "illegal" arbitration agreement, one that is unlawful under the NLRA, "meets the criteria of the FAA's saving clause for nonenforcement." *Epic Systems*, 823 F.3d at 1157; *see also Morris,* 2016 WL 4433080, at *7 ("when an arbitration contract professes the waiver of a substantive federal right, the FAA's saving clause prevents a conflict between the statutes by causing the FAA's enforcement mandate to yield.").

waiver of the right to pursue a FLSA claim collectively in any forum violates the [NLRA]." *Id*. at 297 n.8. We are bound by that holding "until such time as [it is] overruled either by an en banc panel of our Court or by the Supreme Court." *United States v. Wilkerson*, 361 F.3d 717, 732 (2d Cir. 2004).

Appellants' argument that this panel is not bound by *Sutherland* is unpersuasive. Although the *Sutherland* court rejected *Horton I* in a brief footnote, it unquestionably rejected the NLRB's analysis and embraced the Eighth Circuit's position in *Owen*. The parties in *Sutherland* extensively briefed their arguments under the NLRA and the NLGA, and the panel's rejection of those arguments was necessary to its judgment. Appellants also argue that the Board's more recent rulings that continue, subsequent to *Sutherland*, to uphold the Board's position have undermined the authority of *Sutherland* by developing more refined arguments not addressed by our Court in that case. But such subtleties of argument do not change the fact that the controlling question in this case was clearly presented in *Sutherland*, and this Court rejected appellants' position.

We have considered appellants' remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is **AFFIRMED**.

        FOR THE COURT:
        Catherine O'Hagan Wolfe, Clerk